UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------x

PAUL LORMIL, on Behalf of His Minor Son, I.L.,  :

                               Plaintiff,  :

              -against-  :

THE CITY OF NEW YORK; CHRISTOPHER  :
COLLYER; MICHAEL FODER; and JOHN/JANE  :
DOES, Nos. 1-10 (Members of the New York City  :
Department Whose Names Are Presently Unknown  :
to Plaintiff),  :

                        Defendants.  :

---------------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

**Jury Trial Demanded**

**ECF Case**

14 Civ. 0549 (FB) (RML)

       Plaintiff PAUL LORMIL, on behalf of his minor son, I.L., by his attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

       1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his minor son I.L.'s civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental claims under New York law.

## JURISDICTION AND VENUE

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

       4.     The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

**JURY DEMAND**

6.      Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

7.      Plaintiff PAUL LORMIL and his minor son I.L. are residents of the County of Kings and the City and State of New York.

8.      THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York.  The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9.      Defendant CHRISTOPHER COLLYER (Shield No. 12277) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Collyer was a police officer assigned to the 70th Precinct.  Defendant Collyer is being sued in his individual capacity.

10.     Defendant MICHAEL FODER (Shield No. 17145) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Foder was a police officer assigned to the 70th Precinct.  Defendant Foder is being sued in his individual capacity.

2

11.     All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD.  The Doe defendants are being sued in their individual capacities.

12.     At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties.  At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

13.     At all relevant times herein, the individual defendants acted jointly and in concert with each other.  Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

14.     I.L. is 16 years old.  He lives with his parents and sister in Brooklyn.

15.     On Thursday, April 25, 2013, I.L., then 14 years old, attended classes at the Edward R. Murrow High School at 1600 Avenue L in Brooklyn, where he was then in the ninth grade.

16.     After school I.L. played basketball for about an hour on a nearby playground.

17.     I.L. then walked to the bus stop at Avenue M and East 16th Street and waited for the B9 bus to take him home.

18.     As I.L. stood at the bus stop, two police officers came up to I.L. and asked him, in sum and substance, whether he had been in "the store."

19.     I.L. replied, in sum and substance, "What store?"

20.    Without probable cause or reasonable suspicion to believe that I.L. had committed any crime or offense, the officers took I.L. into custody, made him lie face-down on the sidewalk, and handcuffed I.L. -- excessively tightly -- behind his back.

21.    As I.L. lay face-down on the sidewalk handcuffed behind his back, the officers searched I.L.'s pockets and book bag.

22.    I.L. was taken to a police precinct, where he continued to be held in excessively tight handcuffs.

23.    At the precinct I.L. asked an officer to loosen the handcuffs because they were too tight but the officer refused to do so, telling I.L., in sum and substance, "This is not a hotel."

24.    For an extended period, I.L. was cuffed to a pole with one arm above his head, causing him considerable additional pain.

25.    At about 6:45 p.m., I.L. was released to the custody of his mother Roseline Lormil.

26.    Before he was released from police custody, I.L. received an appearance ticket signed by defendant Collyer, the arresting officer, charging I.L. with unlawful assembly and disorderly conduct and instructing him to appear at the Kings County Family Court Probation Service at 330 Jay Street on Monday, April 29, 2013.

27.    Defendant Collyer arrested I.L. in consultation with defendant Foder.

28.    I.L. committed no crime or offense on Thursday, April 25, 2013, and certainly not unlawful assembly or disorderly conduct.

29.    On Monday, April 29, 2013, the prosecutor assigned to I.L.'s case offered to withdraw the charges against I.L. if I.L. were to agree to write a letter of apology to his parents. With his father's approval, I.L. declined the offer because he had done nothing wrong.

30.    On May 29, 2013, the prosecutor issued a Notice of Declination declining to file a juvenile delinquency petition against I.L.

4

31.     As a result of the foregoing, I.L. sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, and violation of his constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

32.     Plaintiff repeats and realleges paragraphs "1" through "31" with the same force and effect as if they were fully set forth herein.

33.     Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused I.L. to be imprisoned without probable cause or reasonable suspicion to believe that I.L. had committed any crime or offense, in violation of I.L.s right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

34.     Plaintiff repeats and realleges paragraphs "1" through "33" with the same force and effect as if they were fully set forth herein.

35.     Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting I.L., in violation of I.L.'s right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Unlawful Search Claim Under 42 U.S.C. § 1983)

36.     Plaintiff repeats and realleges paragraphs "1" through "35" with the same force and effect as if they were fully set forth herein.

37.     Defendants, acting in concert and within the scope of their authority, searched I.L.'s person and book bag without probable cause or reasonable suspicion to believe that I.L. had committed any crime or offense, in violation of I.L.'s right to be free from unreasonable search under the Fourth and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

38.     Plaintiff repeats and realleges paragraphs "1" through "37" with the same force and effect as if they were fully set forth herein.

39.     Each individual defendant had an affirmative duty to intervene on behalf of I.L., whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of I.L.'s rights to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

40.     Plaintiff repeats and realleges paragraphs "1" through "39" with the same force and effect as if they were fully set forth herein.

41.     The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City and the NYPD forbidden by the Constitution of the United States.

42.     The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making arrests without probable cause and committing perjury.

43.     The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in recent civil rights actions filed against the City, including, but not limited to:

(1)     **Angel Bonilla v. City of New York**, United States District Court, Eastern District of New York, 12 CV 3368 (JBW) (police officers arrested 53-year-old disabled man inside 83rd Precinct in Brooklyn, where he had gone to ask about granddaughter, and falsely reported that he had trespassed in an apartment building blocks away);

(2)     **Ciara Caraballo v. City of New York**, United States District Court, Southern District of New York, 11 CV 8917 (JSR) (police officers arrested three individuals in East Harlem on false charges, including assault in the second degree on police officer; all charges later dismissed; Civilian Complaint Review Board found that officers lacked probable cause to arrest);

(3)     **Michael Hemphill v. City of New York**, United States District Court, Southern District of New York, 11 CV 2160 (AKH) (police officers arrested individual in East Harlem on false charges, including obstructing governmental administration in second degree);

(4)     **Shelly Levy v. City of New York**, United States District Court, Southern District of New York, 11 CV 0227 (DLC) (police officers arrested individual in Chelsea area on false charges of resisting arrest and disorderly conduct);

(5)     **Casimiro Medina v. City of New York**, United States District Court, Eastern District of New York, 10 CV 3158 (NGG) (police officers arrested individual in Brooklyn on false drug possession charges; Kings County District Attorney declined to prosecute); and

(6)     **Francisco Baez v. City of New York**, United States District Court, Southern District of New York, 08 CV 10604 (PKC) (police officers arrested 16-year-old plaintiff near Union Square on false charges, including murder in second degree; officers coerced false confession from the plaintiff; lead detective stated in report that witness positively identified the plaintiff, when, in fact, witness did not positively identify the plaintiff; all charges later dismissed).

44.     In denying the City's motion to dismiss a municipal liability claim made on *Iqbal/Twombly* grounds in *Colon v. City of New York*, No. 09 Civ. 8 (JBW), 2009 WL 4263362 (E.D.N.Y. Nov. 25, 2009), the Honorable Jack B. Weinstein United States District Judge for the Eastern District of New York, observed:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal

7

evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  Despite numerous inquiries by commissions and strong reported efforts by the present administration through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department, <u>there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged</u>.

*Id.* at *2 (underline added).

45.    Since 2005, the NYPD has refused to prosecute 40% of the cases referred by the Civilian Complaint Review Board ("CCRB") for prosecution.  Christine Hauser, *Few Results for Reports of Police Misconduct*, N.Y. Times, Oct. 5, 2009, at A19.  And, only 25% of the cases found substantiated by the CCRB resulted in NYPD discipline more severe than verbal instructions. *Id.*

46.    Acknowledging the problem, then New York City Police Commissioner Raymond E. Kelly stated, "When it happens, it's not for personal gain.  It's more for convenience."  Christine Hauser, *Few Results for Reports of Police Misconduct*, N.Y. Times, Oct. 5, 2009, at A19.

47.    The City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

48.    The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

49.    The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

50.    The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

### Supplemental State Law Claims

51.    Plaintiff repeats and realleges paragraphs "1" through "50" with the same force and effect as if they were fully set forth herein.

8

52.     Within ninety (90) days after plaintiff's claims herein arose, plaintiff duly served upon, presented to, and filed with the City of New York a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

54.     More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City of New York.  The City of New York has wholly neglected or refused to make an adjustment or payment thereof.

55.     This action was commenced within one (1) year and ninety (90) days after the claims accrued.

56.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

## SIXTH CLAIM FOR RELIEF

### (False Arrest Under New York Law)

57.     Plaintiff repeats and realleges paragraphs "1" through "56" with the same force and effect as if they were fully set forth herein.

58.     Defendants, acting in concert and within the scope of their authority, arrested and caused I.L. to be imprisoned without probable cause to believe that I.L. had committed any crime or offense, and without any warrant or authority to do so.

## SEVENTH CLAIM FOR RELIEF

### (Assault Under New York Law)

59.     Plaintiff repeats and realleges paragraphs "1" through "58" with the same force and effect as if they were fully set forth herein.

60.     Defendants, acting in concert and within the scope of their authority, placed I.L. in apprehension of imminent harmful and offensive bodily contact.

## EIGHTH CLAIM FOR RELIEF

### (Battery Under New York Law)

61.     Plaintiff repeats and realleges paragraphs "1" through "60" with the same force and effect as if they were fully set forth herein.

62.     Defendants, acting in concert and within the scope of their authority, made offensive contact with I.L. without privilege or consent.

## NINTH CLAIM FOR RELIEF

### (*Respondeat Superior* Liability Under New York Law)

63.     Plaintiff repeats and realleges paragraphs "1" through "62" with the same force and effect as if they were fully set forth herein.

64.     The City is vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

## TENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Under New York Law)

65.     Plaintiff repeats and realleges paragraphs 1 through "64" with the same force and effect as if they were fully set forth herein.

66.     Defendant City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## ELEVENTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Under New York Law)

67.     Plaintiff repeats and realleges paragraphs 1 through "66" with the same force and effect as if they were fully set forth herein.

68.     Defendant City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

10

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

    (A)       Compensatory damages in an amount to be determined at trial;

    (B)       Punitive damages in an amount to be determined at trial;

    (C)       Reasonable attorney's fees and costs of this litigation; and

    (D)       Such other relief as this Court deems just and proper.

Dated:       Brooklyn, New York
            June 30, 2014

                           Respectfully submitted,

                           *Robert T. Perry*

                           ROBERT T. PERRY (RP-1199)
                           45 Main Street, Suite 230
                           Brooklyn, New York 11201
                           (212) 219-9410
                           *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
PAUL LORMIL, on Behalf of His Minor Son, I.L.,    :
    :
                    Plaintiff,    :
    :
    -against-    :
    :
THE CITY OF NEW YORK; CHRISTOPHER    :    14 Civ. 0549 (FB) (RML)
COLLYER; MICHAEL FODER; and JOHN/JANE    :
DOES, Nos. 1-10 (Members of the New York City    :
Department Whose Names Are Presently Unknown    :
to Plaintiff),    :
    :
                  Defendants.    :
-------------------------------------------------------------------------------x

# FIRST AMENDED COMPLAINT

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*